Good morning, your honors. Nice to see you again. This is Ina Lipkin on behalf of the petitioner. This case is before the court, I believe, to determine whether petitioner had established harm based on a particular social group. In a nutshell, the petitioner claimed he was harmed because of his status as a landowner and an account of domestic violence abuse from his father. The IJ found him credible. The issue really here is, was his status as a landowner and the harm that he received tied to another ground? Here, his father, who had harmed him and who had tried to confiscate his lands and effectually did so, was a locally powerful political Badal party member. It's petitioner's argument that the father used his... Excuse me. I think we need to interrupt you. I think you might be arguing the wrong case. I'm sorry. We have so many. We have a lot of cases called the same thing here. But I don't think you're arguing about the LGBT case that we expected you to be arguing about. I'm doing Satvir Singh 21... Wait, am I wrong, too? I'm wrong, too. Sorry. Which one is... Maybe I'm wrong. No, this is the one where the mother is beaten up. Are you arguing the case where the mother is beaten up? Yes, that's a part of it. Okay. Satvir Singh. I thought it was based on his activities in the United States. Yes. Isn't it about his politics in the United States? It seems like you're on a track that sounded like a different one of our cases. I'm sorry if we're confused. Oh, that's okay. I'm open to questions. Maybe that will... I'm sorry. I started you down the wrong track. No, no, no. Judge Friedland, I think, is right. I don't remember anything about this particular social group. So if it was there, I missed it. This is the motion to reopen. It is, but I wanted to lay a bit of a foundation because of the connection to that. But please, if you have a particular question about it, maybe that makes more sense. Well, I think... So my question about this case, now that I'm on the right one, and I apologize. We have a lot of cases called Singh versus Garland on this calendar. So this one, his mother was beaten up in response to his political activities in the United States. He is seeking reopening, saying that's a changed country condition. But if it was very predictable that activists like him had attacks on them in India, why is it a changed country condition? Like, if it was always the case that activists were getting attacked, he comes to the United States, he becomes an activist, now his mother gets attacked, why is that a change? Why isn't that exactly how it always was? But that's a presumption by the court that the petitioner has knowledge that activists always get attacked. When he was in India, as I began, his problems in India stemmed from the land ownership and the domestic violence by the father, not by his own necessarily political activities. But hold on, C.A.R. 4, the I.J. says, the Indian authority, or the B.I.A. says, the Indian authorities have arrested and attacked Man Party members and Khalistan supporters since at least that time, meaning from his original immigration proceedings. And he's relied on articles that Singh submitted before the I.J. his first go around. So, that's what seems to distinguish this case from some of the others. There's no new evidence that the country conditions have actually changed. I mean, there's evidence that his circumstances changed, but where is the evidence? He didn't come in, correct me if I'm wrong, did he come in in the motion to reopen with new evidence about the country conditions changing as far as violence towards the Man Party? Well, he submitted additional documentation that's more current than obviously what he submitted when he was before the court. But the fact that his mother was harmed on account of the attackers. No, I give you that. I mean, this is pretty strong from that perspective. She submitted medical records. I mean, that part is strong. The question is, this is a motion to reopen, and the motion to reopen, because it was after 90 days, has to be based on changed country or changed circumstances. And so if our case law says that you have to have changed circumstances in the country, where is that evidence here that there was a material difference in the harm that would have been faced? Well, the mother would not have had any harm had the petitioner not become politically active in the United States. And what's new is that she's a member of a familial group that includes the petitioner, and was harmed on that basis, not on her own political activities. So that's what distinguishes it from general country conditions. I'm sorry, can you explain how that's a change, though? He needs to show it's a change. Because the government did not establish that family members of newly active Maan Party members are targeted for harm in order to harm the principal Maan Party member. So that's what distinguishes them. But wouldn't you have to show, I mean, maybe we're just going down a rabbit hole here, but wouldn't you have to show that if he were a member of the Maan Party at the time of his original petition, that there's no chance that his mom would have suffered the same consequences? No, we can't say that. It's very possible that she could have, given that his father was a ranking member of the ruling Bedell Party at the time. And so the father had already committed domestic violence abuse against the mother without there being a political activity from the petitioner. So the argument is that he, the father, the uncle, had exerted their political connections to now harm the mother and in turn the petitioner through this new basis, which was the petitioner's newfound political activism. And how do you distinguish the Chandra versus Holder case? Which is about how if someone converts to Christianity, it's not enough to say that's a new condition. You need to show that conditions in the country for Christians got worse also. Thank you for reminding me, Your Honor. It's a fine point, Your Honor, and it's difficult for me to explain what the difference would be other than to say that this was a new layer or basis for harm to the petitioner and his family that did not exist before. Would you like to save your remaining time for rebuttal? Yes, thank you. May it please the Court, Abigail Leach for the Attorney General. As an initial matter, I'd like to point out that petitioner did not seek review of the underlying agency decision in this case, which had to do with the father's abuse of the son and mother, so that issue is not before this Court. It seems like changed country conditions is our only issue, right? That is correct, yes, Your Honor. And the Court should deny the instant petition for review where the Board did not abuse its discretion in finding that the motion to reopen failed to establish the requisite changing country conditions for similarly situated individuals in India as required by the statute and the regulations. As an initial matter, it's undisputed that petitioner's motion was untimely as it was filed approximately two years after the final order in this case and as petitioner concedes in their opening brief to this Court. To the extent petitioner asserts the Board erred in denying his motion, where he did establish changed country conditions, the Board appropriately determined that the evidence submitted with the motion to reopen showed not a change, but rather a continuation of adverse conditions for similarly situated individuals who are Sikhs who advocate for the support of the Khalistan in India. This Court has held that where evidence submitted in support of a motion to reopen reflects the same kind of intolerance for religious and political minorities. The Board does not abuse its discretion in finding that petitioner failed to demonstrate a material change of country conditions such that an untimely motion is warranted. So can I ask about this? So I mentioned the case, Chandra, with your opposing counsel. So that's one of these kinds of cases where you need to actually show something in addition to your voluntary conduct. I understand that line of cases to be about trying to prevent people from sort of manufacturing a basis for relief or even manufacturing a fake basis for relief, saying all of a sudden I'm Christian and this is a country that persecutes Christians so now I should get to stay in the United States. Isn't this a little different from that? Because it's hard to believe that he wanted his mother to be beaten up so much that she needed to go for medical treatment. It doesn't seem like he's faking this or manufacturing this, at least not, hopefully not. Can you respond to why that doesn't make this case different? Well, in this case, as you pointed out, it is a self-induced change to convert to Sikhism, which alone is insufficient to establish a material change of country conditions. Did he convert or he just became more political? I thought he was always Sikh. Is that wrong? It's my understanding that he joined two parties that advocate for the support of the Khalistan. I think he became a member of a political party. I don't think he changed his religion. Okay, I apologize for misrepresenting that. In any case, this is a self-induced change, which this court has repeatedly and widely held is insufficient on its own to establish a material change of country conditions. That his mother was beaten in India sort of brings us into a hybrid claim. But as this court held in Rodriguez, even in the situation of a hybrid claim, where situation perhaps out of petitioner's control, such that his mother was beaten for his support of the Khalistan, you still need to show that conditions in the country of removal have deteriorated in a way such that an individual who would have sought relief on this claim at the time of petitioner's initial hearing would not have had a claim for relief, but now does. There's nothing in the record to establish that there's an increase in harm towards Sikhs or individuals similarly situated to the petitioner in this case. Petitioner doesn't point to anything and now doesn't assert even an argument that there is a change of country conditions for this individual. What if he had been a political activist, but in India and his mother had been beaten like this? Would he have had a claim originally? I can't speculate for that. That's for the immigration judge and the agency to review on its own based on the evidence submitted with the record. But in this case, he didn't show, which is the only thing that this court is concerned with, the material change in country conditions to focus on the conditions in India for individuals similarly situated at the time of the motion to reopen and at the time of his initial hearing. At both points in time, there were some adverse conditions for individuals similarly situated. They were both targeted for arrests, intimidated and harassed, but that does not show an increase, a material increase in harm such that would warrant a change of country conditions for an untimely motion to reopen. Accordingly, because the evidence does not demonstrate a qualitative change in conditions, but rather shows that the conditions are a continuation of adverse situation for similarly situated individuals, the board did not abuse its discretion in finding that the motion was untimely and denying the motion. If the court doesn't have any other questions, the government would rest in the arguments and it's answering brief. It looks like we don't have questions. Thank you. We have some time for rebuttals still. I'll waive. Thank you. Well, thank you both sides for the helpful arguments. This case is submitted.
judges: FRIEDLAND, NELSON, Cardone